**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARTIN FERNANDEZ UNZUETA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>Respondent. | No. 10-70288<br><br>Agency No. A036-721-032<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2015[**]
Pasadena, California

Before:  REINHARDT, GRABER, and HURWITZ, Circuit Judges.

Petitioner Martin Fernandez Unzueta petitions for review of the Board of

Immigration Appeals' ("BIA") decision denying relief from removal.  For the

reasons that follow, we deny the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

The parties have framed the main issue as whether Petitioner was convicted of a particularly serious crime, and there have been extensive proceedings and briefing on that topic. Nevertheless, we resolve the case without reaching that question.

1. The immigration judge, whose decision the BIA adopted, did not abuse his discretion in denying asylum on the ground that Petitioner did not warrant relief as a matter of discretion. See generally Kalubi v. Ashcroft, 364 F.3d 1134, 1139 (9th Cir. 2004) (discussing the scope of our review of the BIA's discretionary denial of asylum). Indeed, Petitioner did not challenge, in this court, this alternative ground of decision.

2. Substantial evidence supports the BIA's determination that Petitioner does not have an objectively reasonable fear of future persecution warranting withholding of removal. See Gui v. INS, 280 F.3d 1217, 1229 (9th Cir. 2002) (stating the standard of review). The BIA held that Petitioner established past persecution and therefore was entitled to a presumption of future persecution. The BIA next held that the government had met its burden of rebutting that presumption. Although we might not have reached the same result, the record does not "compel a conclusion" that the BIA erred. Garcia v. Holder, 749 F.3d 785, 791 (9th Cir. 2014). The BIA permissibly relied on general changes in

Mexico—substantive changes in Mexico regarding the rights of homosexuals and increased protection against homophobic harassment—as well as facts specific to Petitioner—his "repeated voluntary trips to Mexico subsequent to the persecutory incidents." Accordingly, the BIA conducted the necessary "individualized analysis of how changed conditions will affect the specific petitioner's situation." Garrovillas v. INS, 156 F.3d 1010, 1017 (9th Cir. 1998) (internal quotation marks omitted).

3. For similar reasons, substantial evidence supports the BIA's denial of relief under the Convention Against Torture.

Petition **DENIED.**